UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
v.                                                                         Case No. 8:21-cr-71-WFJ-AAS

PIERRE C. MARC
_____/

**ORDER**

Upon careful consideration of Defendant Pierre C. Marc's motion to recuse and disqualify the undersigned filed pursuant to 28 U.S.C. § 455(a) & (b)(1), (5)(i), (iii), (iv), the motion (Dkt. 193) is denied.

The standard for recusal under 28 U.S.C. § 455(a) is an objective one, requiring a court to ask "whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotation and citation omitted); *see also In re Moody*, 755 F.3d 891, 894 (11th Cir. 2014) (*per curiam*). Mr. Marc contends that the undersigned has a personal bias or prejudice concerning him and that the undersigned's impartiality might reasonably be questioned.

Mr. Marc is representing himself in this criminal matter, which is set for trial in June 2023, and involves armed fentanyl trafficking. Mr. Marc's custody status

pending trial was twice considered by the Magistrate Judge, who issued orders of detention. Dkts. 19, 186.

As the sole reason given for personal bias or prejudice and the lack of impartiality, Mr. Marc relies on a pending civil action filed in federal court in this Middle District by his brother, Lavila Marc: *Lavila Marc v. Judge William F. Jung*, 8:23-cv-890-CEH-TGW (M.D. Fla.). The gist of the civil lawsuit is that the undersigned falsely imprisoned the Plaintiff's brother, Mr. Pierre Marc, in this criminal case without jurisdiction, and made errors in denying Pierre Marc's motions in this criminal case. The civil lawsuit seeks injunctive relief to free Mr. Pierre Marc from detention and to require reconsideration of the ruling(s) in the criminal case. As explained at docket 194 in these ongoing criminal proceedings, this Court has jurisdiction concerning Mr. Pierre Marc's criminal case in which he stands indicted on felony charges by a federal grand jury.

Nevertheless, Mr. Pierre Marc seeks recusal because the undersigned's interest in this criminal case "could be substantially affected by the outcome of [the civil] proceeding." Dkt. 193 at 2. Mr. Marc poses the hypothetical that if he loses as the Defendant in this criminal case (the jury finds him guilty), then the undersigned will "win" the civil case (because the jury will have found him not to be falsely imprisoned). Although he also makes the conclusory allegation that the

undersigned could be a material witness in his brother's lawsuit, this assertion is not based on any fact, or articulable theory, but only conjecture and speculation.[1]

The lawsuit by Mr. Marc's brother was filed April 24, 2023. Mr. Marc served this motion to recuse based on the lawsuit on April 25, 2023. Dkt. 193 at 3. Because the ground for disqualification is founded on a frivolous lawsuit which appears related to the recusal motion, and any objectively reasonable individual could not entertain significant doubt about the impartiality of the undersigned, the recusal motion (Dkt. 193) is denied. A jury will decide Mr. Marc's case next month.

**DONE AND ORDERED** at Tampa, Florida, on May 3, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Defendant, *pro se* and Counsel of record

---

[1] Mr. Marc attempts to fit his assertions within one of the following three subsections of the disqualification statute: where the judge (1) is a "party to the proceeding[;]" (2) is "known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;" and (3) is "to the judge's knowledge likely to be a material witness in the proceeding." 28 U.S.C. § 455 (b)(5)(i)(iii), (iv).