UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:21-cr-71-WFJ-AAS

PIERRE C. MARC
_____/

### ORDER DENYING Doc. 351, MOTION FOR NEW TRIAL DUE TO NEWLY DISCOVERED EVIDENCE

In docket 351, Mr. Marc seeks a new trial under Fed. R. Crim. P. 33(a), asserting newly discovered evidence. He apparently cites a pen register/trap trace device ("trap") application for his phone that was unsigned, and he or his standby counsel may have received in discovery. The instant motion states that the Magistrate Judge declined to sign the trap Order, and notwithstanding this refusal the Government proceeded to tap his phone. *See* Doc. 351 at 1. His motion attaches the first page of the application and this unsigned trap order at Doc. 351-1 at 1 (Exh. OUS, hand marked 6 of 12). The unsigned Order Mr. Marc attaches shows a September 2019 date line with the date and Magistrate Judge's signature blank. *Id*. at 5. Mr. Marc is mistaken, however. The Order was indeed signed and entered on date September 18, 2019, and is duly kept in the Clerk's office in Tampa. The full Application and completed Order is attached hereto as an Appendix and both are a Court record.

The Government also provided their copy of this signed Order as part of their response.  Doc. 364-1.  Further, they credibly note that the unsigned draft and then the signed Order was provided in discovery to Mr. Marc.  Docs. 355 at 4; 355-1 (discovery index); 364-1(the signed Order with discovery production Bates numbers).  Thus, the entire premise of the motion is entirely without merit.  There is no recently discovered evidence:  The trap Order was duly and appropriately signed by the Magistrate Judge on the dated inscribed.  It is present in the Clerk's routine files.  Mr. Marc received it in discovery, and through diligence would have viewed as part of discovery.

The Motion also goes on to complain, opaquely, that the drug quantity in the conspiracy count was not established with a physical trial exhibit and that amount would have to be subdivided and subtracted for each participant for legal attribution among the number of coconspirators.  Doc. 351 at 3.  This is a frivolous argument.  Nor is it "newly discovered evidence," thus rendering such a Rule 33 motion on this point untimely under Fed. R. Crim. P. 33(b)(2).  The Motion for new trial, Doc. 351, is denied.

**DONE AND ORDERED** at Tampa, Florida, on June 18, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE